**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 16-4044
_____

WILMINGTON SAVINGS FUND SOCIETY, FSB

v.

KEITH HARVIN,
                              Appellant

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 1:15-cv-07853)
District Judge:  Honorable Robert B. Kugler

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
March 14, 2017

Before:    SHWARTZ, COWEN and FUENTES, Circuit Judges

(Opinion filed:  March 17, 2017)

_____

OPINION[*]
_____

_____
[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

PER CURIAM

Keith Harvin appeals pro se from the District Court's October 14, 2016 order

granting summary judgment against him in this civil action. For the reasons that follow,

we will affirm that order.

I.

In 2015, Wilmington Savings Fund Society, FSB ("WSFS"), filed a complaint

against Harvin in the District Court. That pleading, which alleged that the District Court

had diversity jurisdiction over the matter, see 28 U.S.C. § 1332(a), sought a judgment of

more than $2 million in light of Harvin's alleged default on a mortgage for real property

located in Ocean City, New Jersey. WSFS eventually moved for summary judgment. On

October 14, 2016, the District Court granted that motion and entered judgment against

Harvin in an amount exceeding $2 million. On November 2, 2016, the District Court

amended that judgment to include approximately $17,000 in legal fees and costs. Harvin

now seeks our review of the October 14, 2016 order.[1]

II.

Harvin raises only one argument on appeal — that the District Court lacked

diversity jurisdiction in this case.[2] Although he did not present this argument to the

District Court (and the District Court did not raise it sua sponte), we do not deem it

---

[1] We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291.

[2] We deem any challenge to the other aspects of this case waived. See United States v. Pelullo, 399 F.3d 197, 222 (3d Cir. 2005) ("It is well settled that an appellant's failure to identify or argue an issue in his opening brief constitutes waiver of that issue on appeal."); see Emerson v. Thiel Coll., 296 F.3d 184, 190 n.5 (3d Cir. 2002) (per curiam) (applying waiver doctrine to pro se appeal).

waived.  See Brown v. Phila. Hous. Auth., 350 F.3d 338, 347 (3d Cir. 2003) (indicating that the issue of subject matter jurisdiction can be raised at any time, even if challenged for the first time on appeal).  A district court has diversity jurisdiction over a case if the amount in controversy exceeds $75,000 and there is complete diversity amongst the parties.  See 28 U.S.C. § 1332(a); Johnson v. SmithKline Beecham Corp., 724 F.3d 337, 346 (3d Cir. 2013).[3]  When a case involves only one plaintiff and one defendant, "complete diversity" exists if the two parties are not citizens of the same state.  See Johnson, 724 F.3d at 346.  Harvin argues that complete diversity was lacking in this case.[4]

WSFS's complaint alleged that it "is a Federal savings bank organized and existing under the law of the United States with an office for the purpose of doing business located [in] . . . [Delaware]," and that Harvin "resides" in Pennsylvania. (Compl. 1-2.)  These allegations were insufficient to demonstrate complete diversity for two reasons.  First, given that WSFS is a "Federal savings association," (see Ex. A to Appellee's Br.),[5] its citizenship is based only on the location of its "home office," not

---

[3] "Diversity of citizenship must have existed at the time the complaint was filed." Johnson, 724 F.3d at 346.

[4] There is no question that the matter in controversy in this case exceeded $75,000.

[5] "The term 'Federal savings association' means a Federal savings association or a Federal savings bank chartered under [12 U.S.C. § 1464]."  12 U.S.C. § 1462(3).  Exhibit A to WSFS's brief is a certification from the United States Treasury Department's Office of the Comptroller of the Currency, which indicates that WSFS is a federal savings association.  Although this document was not part of the District Court record, we may consider it here under our authority to amend defective allegations of jurisdiction.  See 28 U.S.C. § 1653; see also, e.g., J & R Ice Cream Corp. v. Cal. Smoothie Licensing Corp., 31 F.3d 1259, 1265 n.3 (3d Cir. 1994) (explaining that the "jurisdictional problem" was cured by "letters and supporting material submitted to this [C]ourt [on appeal]").  We

where it has "an" office.  See 12 U.S.C. § 1464(x).  Second, "mere residency in a state is insufficient for purposes of diversity," Krasnov v. Dinan, 465 F.2d 1298, 1300 (3d Cir. 1972); "[c]itizenship is synonymous with *domicile*," McCann v. Newman Irrevocable Tr., 458 F.3d 281, 286 (3d Cir. 2006) (emphasis added), which requires residency in the state *and* the intent to remain in that state indefinitely, see Krasnov, 465 F.2d at 1300.

Despite the aforementioned flaws in the complaint, it does not follow that the District Court lacked diversity jurisdiction in this case.  Under 28 U.S.C. § 1653, we have "the power to remedy inadequate jurisdictional allegations."  USX Corp. v. Adriatic Ins. Co., 345 F.3d 190, 204 (3d Cir. 2003); see 28 U.S.C. § 1653 (providing that "[d]efective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts").  "This provision permits amendments broadly so as to avoid dismissal of diversity suits on technical grounds."  Scattergood v. Perelman, 945 F.2d 618, 627 (3d Cir. 1991) (internal quotation marks omitted).  On appeal, WSFS has demonstrated that its home office is (and has been) located in Delaware, thereby confirming that it is a Delaware citizen.  See 12 U.S.C. § 1464(x).  Furthermore, WSFS asserts that Harvin is a "citizen" (not a mere resident) of Pennsylvania, an assertion that Harvin does not dispute.  Because it is evident that the complete diversity requirement was satisfied in this case, we hereby amend the jurisdictional allegations in WSFS's complaint to correspond with its assertions on appeal, and we conclude that the District Court did not err in exercising jurisdiction over

---

further discuss our authority under § 1653 later in this opinion.

4

this case.[6]

In light of the above, we will affirm the District Court's October 14, 2016 order granting summary judgment in favor of WSFS.

---

[6] Harvin argues that complete diversity was lacking here because he "believes [WSFS] does substantial business in the State of New Jersey." (Appellant's Br. 1.) This argument is meritless. Even setting aside the fact that Harvin himself does not purport to be a citizen of New Jersey, it is irrelevant whether WSFS does substantial business in that state. As indicated above, what *is* relevant for diversity jurisdiction purposes is the location of WSFS's home office, and that office is located in Delaware, not New Jersey.